## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**EARL L. SQUIRES, SR.,**

      **Plaintiff,**

**v.**                            **CASE NO. 8:07-CV-180-T-EAJ**

**MICHAEL J. ASTRUE,[1]**
**Commissioner of Social Security,**

      **Defendant.**

_____/

### FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42 United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Act.[2]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 11).

applicable legal standards.  See 42 U.S.C. § 405(g) (2003).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff filed applications for DIB and SSI payments on June 9, 2004, claiming an onset of disability on December 15, 1999. (T 53) At the administrative hearing on January 6, 2006, Plaintiff amended the alleged onset date to August 11, 2004. (T 377) Plaintiff's application was denied initially, upon reconsideration, and by the ALJ in a decision issued on April 17, 2006. (T 24, 27, 30) On December 27, 2000, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. (T 5-8)

Plaintiff filed a timely petition for judicial review of the Commissioner's denial of benefits (Dkt. 1).  Having exhausted all administrative remedies, the Commissioner's decision is ripe for review under the Act.

2

Plaintiff, 58 years old at the time of the hearing on January 6, 2006, has a high school education. (T 366, 368) He has previously been employed as a pool cleaner, server, and janitor. (T 368-75) Plaintiff alleges that his ability to work is limited by diabetes and depression. (T 84) He also alleges that he suffers from back pain, headaches, and asthma. (T 155, 375)

Following the administrative hearing, the ALJ discussed the impairments and pain associated with Plaintiff's medical conditions.  In particular, the ALJ determined that Plaintiff's diabetes, depression, headaches, back, neck, and hand pain were "severe based on the requirements in the Regulations." (T 22) However, the ALJ found that none of Plaintiff's impairments met or medically equaled those in Appendix 1, Subpart P, and Regulation No. 4, as required by 20 C.F.R. § 404.1520 for a finding of disability. (T 22)

Furthermore, the ALJ determined that although Plaintiff is unable to perform any of his past relevant work, his residual functional capacity ("RFC") was suitable for a significant range of medium work. (T 23) Specifically, the ALJ found that Plaintiff has the RFC to:

> Occasionally lift and/or carry 50 pounds; frequently lift and/or carry 25 pounds; stand and/or walk about 6 hours in an 8-hour workday; and frequently climb, balance, stoop, kneel, crouch and crawl. He is capable of understanding and remembering simple instructions and doing simple tasks in a low stress environment which equates to having moderate limitations in the ability to understand and remember detailed instructions, carry out detailed instructions, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, maintain attention and concentration for extended periods, complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods, and respond appropriately to changes in the work setting.

(T 23)

Relying on the testimony of a vocational expert ("VE") in response to hypothetical questions which incorporated these limitations, the ALJ concluded that Plaintiff could perform jobs such as

hand packager, auto detailer, and laundry laborer. (T 21) Therefore, the ALJ concluded that Plaintiff is not under a "disability" as defined in the Act. (T 23)

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

## II.

Plaintiff's sole argument on appeal is that the ALJ erred by failing to fully and adequately consider all of Plaintiff's impairments, individually or in full combination.[3]

Specifically, Plaintiff alleges that the ALJ failed to consider Plaintiff's asthma in determining whether he qualifies as disabled under the Act (Dkt. 16 at 7-8). Plaintiff bears the initial burden of establishing the existence of a disability. Lucas v. Sullivan, 918 F.2d 1567, 1571 (11th Cir. 1990) (citations omitted). He also bears the burden of proving that he is unable to perform his past relevant work. Id. Only then does the burden shift to the Commissioner to identify a significant number of jobs in the national economy consistent with Plaintiff's capacities and vocational profile. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999); 20 C.F.R. § 404.1520(g)(1).

A finding of disability requires that the impairment be severe. 20 C.F.R. §§ 404.1520(c), 416.920(c). A medically determinable impairment or combination of impairments is "severe" if it significantly limits an individual's physical or mental ability to do basic work activities. Id. "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or

---

[3]Plaintiff also indicates in his memorandum that the ALJ failed to weigh the substantial evidence in the case. This argument is conclusory and Plaintiff leaves it undeveloped. The Court will not address issues that are legally and factually undeveloped, as it is incumbent on Plaintiff (through his designated attorney) to establish his arguments with specificity, not in a conclusory manner.

normality." <u>McCruter v. Bowen</u>, 791 F.2d 1544, 1547 (11th Cir. 1986).

Plaintiff has a history of bronchial asthma. (T 260-61) Although he has had asthma since a young age, Plaintiff did not initially allege disability due to a pulmonary impairment. (T 84) Rather, he alleged disability due to diabetes and depression. (T 84) In May 2004, Plaintiff did complain of cough and was diagnosed with bronchitis. (T 250) However, in January 2005, Navnit U. Patel, M.D. ("Dr. Patel"), a consultative examiner, reported that Plaintiff denied complaints of chest pain and shortness of breath. (T 260) Dr. Patel documented Plaintiff's history of bronchial asthma, stable, and treated him with medications. (T 260-61)[4] Further, Dr. Patel did not note any abnormal findings on Plaintiff's medical exam. (T 260)

During the hearing on January 6, 2006, other than stating that he left one job due to his shortness of breath while climbing stairs, Plaintiff made no other complaints regarding the effects of his asthma. (T 371-75) When specifically asked why he felt could not work, Plaintiff only discussed his back pain, leg pain, and diabetes. (T 378-79) He never mentioned any complaints related to a difficulty of breathing. (T 378-79) Furthermore, Plaintiff managed to work with chemicals as a pool cleaner for nearly twenty years without any asthma related problems. (T 85) Plaintiff appears to raise the issue for the first time at the district court level. <u>See</u> <u>Barnes v. Sullivan</u>, 932 F.2d 1356, 1359 n.4 (11th Cir. 1991).  Consequently, it is understandable why the ALJ did not address it.  <u>Id.</u>

Although Plaintiff may have established a history of asthma, Plaintiff never demonstrated that his asthma was severe enough, alone or in combination with other impairments, to limit his

---

[4]Indeed, Dr. Patel's notation of Plaintiff's history of bronchial asthma is the only record citation provided by Plaintiff in support of his alleged condition.

ability to perform basic work activities.   Plaintiff has also failed to establish that his asthma interferes with his ability to perform the range of medium work described by the VE and the ALJ.

Therefore, Plaintiff has not shown that the ALJ did not adequately consider Plaintiff's asthma or its effect on his ability to work in combination with his other impairments.

### III.

The ALJ's decision is supported by substantial evidence and the proper legal principles.  The decision of the Commissioner denying Plaintiff's applications for Disability Insurance Benefits and Social Security Income payments is therefore affirmed.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1)     the decision of the Commissioner is **AFFIRMED**, and this case is **DISMISSED** with each party to bear its own costs and expenses; and

(2)     the Clerk of Court shall enter final judgment in favor of Defendant, consistent with 42 U.S.C. § 405(g) and 1383(c)(3).

**DONE AND ORDERED** in Tampa, Florida this 5th day of February, 2008.


ELIZABETH A JENKINS
United States Magistrate Judge